# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00118-WYD-CBS

LAURIE THOMPSON and
STEPHEN THOMPSON, individually, and as parents and next friends of
SCOTT THOMPSON, a minor,

      Plaintiffs,

v.

NOVARTIS PHARMACEUTICALS CORPORATION,
a Delaware corporation,

      Defendant.

---

## CONSENT PROTECTIVE AND CONFIDENTIALITY ORDER
---

      Pursuant to the agreement of the parties and for good cause, it is hereby **ORDERED** and **ADJUDGED**, that:

1. This Protective and Confidentiality Order ("Protective Order") governing the disclosure of Confidential, proprietary and other protected information by any party is hereby entered in *Thompson v. Novartis Pharmaceuticals Corp.*, No. 08-cv-00118-WYD-CBS (D. Colo).

2. For purposes of this Protective Order, any Party may designate as "Confidential Material" any information that (1) has not been made public (2) the disclosure of which will more likely than not cause harm to the business operations of the producing party and (3) the designating party in good faith believes constitutes trade secrets, proprietary data, confidential business information (including, but not limited to, non-public financial information), personal information and private

information. "Confidential Material" shall also include information required to be treated as Confidential pursuant to United States or foreign law.

3. Any Party may designate a document as Confidential Material by stamping it "Confidential," or "Subject to Protective Order." All pages of any document that bear such a legend are subject to this Protective Order. The Party shall affix the stamp in such a manner so as not to obscure the text of the document.

4. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing Party may designate such Materials as Confidential by marking the container that the media is produced in "Confidential." Whenever any party to whom computerized material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "Confidential" designation.

5. If responses to interrogatories, requests for admission, or other written responses to discovery quote, summarize, or contain Confidential Material, the Parties may designate them as Confidential Material by marking the face of any such response with one of the legends set forth in paragraph (3) above and indicating the page and line references of the Material that is to be subject to this Protective Order.

6. A Party may designate the transcript of any deposition in this Action or any portion thereof, including exhibits thereto, as Confidential Material by either so advising the Court reporter and the Parties on the record during the taking of the

deposition or within thirty (30) days after receipt of the deposition transcript by written designation that specifically identifies (by page and line reference) those portions of the transcript that will remain confidential served upon all other Parties or else the information shall not be subject to this Protective Order. If all or any portion of a deposition is designated as being subject to this Protective Order, the Court reporter and any Parties possessing any transcripts shall label the cover page of each transcript or copy thereof to state that the deposition includes Confidential Material, and shall label as Confidential each of the pages of the transcript or exhibits that contain Confidential Material. All transcripts shall be treated as Confidential for the first 30 days after receipt. Failure to provide written notice of the lines and pages to be designated Confidential within 30 days as outlined above, shall result in the entire transcript not being confidential.

7. Any inadvertent production of any Confidential Material without labeling or otherwise designating it as such under paragraph 3 of this Order will not result in or be construed as a waiver, in whole or in part, of (a) the producing Party's claims of Confidentiality either as to the specific information inadvertently disclosed or more generally as to the subject matter of the information disclosed, or (b) the party's right to designate the Material as Confidential pursuant to this Protective Order. In the event that a Party inadvertently produces any Confidential Material without attaching one of the legends described in paragraph (3) above, the Party may subsequently designate the Material as Confidential at any time by forwarding to the opposing Party copies of the Material bearing one of the legends required by paragraph (3) and requesting that the opposing Party

destroy all prior copies of the Confidential Material. Upon receipt of a replacement copy of such document bearing a Confidential stamp, the opposing Party shall destroy all copies of the Confidential Material produced inadvertently and replace them with copies bearing the appropriate Confidentiality legend. In the event of a dispute over any materials pursuant to this paragraph the parties shall meet and confer to resolve the dispute. Until such dispute is resolved there shall be no obligation to destroy any copies of any documents, but such documents not bearing a confidentiality legend shall be deemed to be subject to the terms of this Protective and Confidentiality Order as Confidential Material.

8. Written and oral communications between or among counsel for the Parties that refer to or discuss Confidential Material automatically shall be subject to this Protective Order.

9. Confidential Material shall be treated by the Parties and their counsel as being Confidential and private. Any copy made of Confidential Material shall have the same status as the original. The disclosure and use of Confidential Material shall be confined to the permissible disclosures and uses set forth below. Confidential Material shall be used (if otherwise relevant and admissible) solely for the litigation of *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D. Colo.), including any appeals. Confidential Material shall not be used in any other legal action or proceeding or for any other purpose without further Order of this Court**.** All other disclosure and use of Confidential Material during the pendency of this Action or after its termination is hereby prohibited.

10. Confidential Material may be disclosed only to the following persons and only insofar as it is reasonably necessary to the effective prosecution of the Parties' claims and defenses:

   a) Parties, their representatives, in-house counsel and regular employees who are actively engaged in, or actively overseeing *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D.Colo.), or involved in complying with NPC's legal obligations to provide information to the Food and Drug Administration;

   b) Experts and consultants (including their employees) who are retained by a Party to assist in the litigation of *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D. Colo.);

   c) Third-party contractors and their employees who are retained by one or more Parties to provide litigation-support or copy services in connection with the litigation of *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D. Colo.);

   d) Witnesses or prospective witnesses in *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D. Colo.);

   e) The Plaintiff's treating physicians;

   f) Court reporters and other persons involved in recording deposition testimony in *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D. Colo.);

g) Court personnel of the United States District Court for the District of Colorado, or, if on appeal, of a Court with appellate jurisdiction;

h) Jurors in *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D. Colo.); and

i) The Food and Drug Administration, to the extent NPC is required to disclose any Confidential Material by law.

Counsel for each Party disclosing Confidential Material in accordance with this paragraph shall (i) advise each person to whom such disclosure is made (except Court personnel, jurors, and the Food and Drug Administration) of the terms of this Protective Order and of the obligation of each such person to comply with those terms and (ii) provide a copy of this Protective Order to each such person. Prior to the disclosure of any Confidential Information to any person identified in subparagraphs b, c, d and e above, such person shall sign an Acknowledgment, in the form attached hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. Counsel shall maintain a list of persons to whom Confidential Materials are disclosed (excluding jurors, Court personnel, and the Food and Drug Administration). Upon learning of any disclosure of Confidential Material to any person not authorized by this paragraph to receive Confidential Material, the Party who so learns shall immediately (i) inform in writing the Party from which the Confidential Material was originally received of such disclosure, including to whom the Material was disclosed, and (ii) take all necessary steps to retrieve as soon as possible each and every copy of all Confidential Material from the unauthorized person and any person to whom the unauthorized person disclosed the Confidential Material.

11. Documents bearing Confidentiality designations shall not be used as exhibits at trial. Before trial, and upon request, the producing Party shall provide copies of such documents free of any Confidentiality designation for use at trial. Such documents shall be used only for trial purposes and shall be returned, along with any and all copies made, to the producing Party after this case is finally determined as to the Party to whom the documents were produced.

12. Each Party agrees that in the event it is served by a non-party with a subpoena or request for production of Confidential Material originally received from another Party, it will give sufficient notice to allow that Party a reasonable opportunity to intervene to oppose such production. The notice shall include a description of the material sought, the date and location for compliance with the subpoena or request, the identity of the requester of the Confidential Material, the docket number of the matter where requested and all other information reasonably necessary to intervene and oppose such production.

13. Should any Party to whom Confidential Material is disclosed object to the designation of that material as proprietary, Confidential, or otherwise protected, it shall make a good-faith effort to resolve the dispute informally with the disclosing Party. Objections to the designation of documents as Confidential Material may be interposed in writing at any time during the litigation. Should the Parties be unable to resolve the dispute, the Party opposing the inclusion of such material under this Protective Order, within a reasonable time, shall notify the producing party in writing of its objection and basis for the claim that such information should not be entitled to protection under this Protective Order.

Within 30 days of the date of such notice, the producing party shall file and serve a motion with the Court that identifies the challenged Materials and sets forth, in detail, the basis for the designation as Confidential Material. The Party designating the material as confidential shall have the burden of proving that said material is subject to protection. Failure to make such motion within 30 days of the notice objecting to a designation shall result in the challenged materials being de-classified as confidential. Until such time as the Court rules on the motion, the material that is the subject of the dispute shall continue to be subject to this Protective Order.

14. The inadvertent production by any Party in the course of discovery in these proceedings of a document subject to a claim of privilege, work product, or other statutory or Court-Ordered Confidentiality, will not result in a waiver of any of the foregoing protections, whether in these or any other proceedings, for the produced document or any other withheld document covering the same or similar subject matter. If any Party inadvertently produces a document, upon notice of such disclosure, which shall include the basis for the claim of privilege, all originals and copies thereof shall be immediately returned to the producing Party, and such returned Material shall be deleted from any litigation-support or other database. All notes or other work product reflecting the contents of such inadvertently disclosed Confidential Materials, including *inter alia*, such materials in the possession of third parties and expert witnesses, shall also be destroyed.

15. When a Party wishes to use a document that has been designated as Confidential

in support of a motion or other filing with the Court, it will follow the Court's rules, if any, for filing Confidential Material under seal.

16. This Protective Order shall not prevent the Parties from using or disclosing their own documents and other Materials in any manner, notwithstanding their designation as Confidential Material subject to this Protective Order. The use or disclosure by a Party of its own documents or Materials, in a manner inconsistent with the designation of such documents as Confidential in this Protective Order, however, shall act as a waiver of the Confidential status of such documents or Materials as Confidential Materials subject to this Protective Order.

17. Upon the final determination, including any appeals related thereto, of *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D. Colo.), NPC will send a letter to Plaintiffs' Counsel advising them that the litigation is concluded and that all Confidential Material should be returned or destroyed. Within thirty (30) days after receipt of that letter, all attorneys in possession of Confidential Material shall return all Confidential Material to the disclosing Party or, alternatively, shall immediately destroy all such Material. All counsel of record shall, within sixty days of this final determination, certify that all Confidential Material in their possession has been returned or destroyed and will certify that they have sent a letter to all other entities to whom they provided Confidential Material that the litigation is over and that the Confidential Material must be returned or destroyed. The sole exception to the requirements described above is that information that has been incorporated into attorney work product or other privileged documents need not be returned or destroyed. Such information

shall be retained by the person to whom the information was produced, and shall be treated as Confidential Material in accordance with this Order.

18. This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Protective Order imply that Material designated as Confidential Material under the terms of this Protective Order is properly discoverable, relevant or admissible in this or any other litigation.

19. Each Party shall retain all rights and remedies available to it under the law for the enforcement of this Order against anyone who violates it.

20. The restrictions of this Protective Order shall continue to apply after *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D. Colo.), is finally determined and the Court shall retain jurisdiction for all purposes in connection therewith. All persons receiving or given access to Confidential Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

DATED at Denver, Colorado, this _____ day of March, 2008.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge

AGREED TO:

*s/ Eric G. Lasker*
Eric G. Lasker
Counsel for NPC
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, D.C. 20005
Tel. (202)898-5854
elasker@spriggs.com


*S/Seth Katz*
Seth A. Katz
Counsel for Plaintiffs
Burg Simpson Eldredge Hersh Jardine PC
40 Inverness Drive East
Denver, CO 80112
Tel. (303)792-5595
skatz@burgsimpson.com

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-00118-WYD-CBS

LAURIE THOMPSON and
STEPHEN THOMPSON, individually, and as parents and next friends of
SCOTT THOMPSON, a minor,

       Plaintiffs,

v.

NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware corporation,

       Defendant.

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

The undersigned agrees and declares under penalty of perjury the following:

       I hereby attest that information or documents designated Confidential are provided to me subject to the Protective and Confidentiality Order (the "Order") that was issued by the United States District Court for the District of Colorado on _____, 2008, in *Thompson v. Novartis Pharmaceuticals Corp.*, Civil Action No. 08-cv-00118-WYD-CBS (D. Colo.). I have read this Order in its entirety and agree to comply with and to be bound by all the terms of this Order. I understand that my execution of this Acknowledgment, indicating my agreement to be bound by this Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Order. I also understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this Order except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado, for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of these proceedings.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____